The clerk will call the case. 3-14-0176, in the matter of the estate of Laverne Morgan, deceased, et al., appellants, by John Ridge v. Thomas O'Connor, et al., appellees, by A. Michael Wojtek. Mr. Ridge, you may proceed. Good morning, Your Honors. Or, good afternoon, actually. May it please the Court, Mr. Wojtek. I represent Terry Dennis O'Connor and Lisa Hicks. This is really kind of a case of first impression. The issue is, does a disabled heir write to the Institute of World Contest terminate at her death? And if you read the statute, it doesn't say anything about disabled heirs or that the heir has to be competent or anything. That's something I think the trial court has read into this statute, and we think it's error. And the argument I think that's being made is, well, the trial court made the argument that the right to institute a world contest is personal to the heir. And there's no statute or case law that agrees with that, and that's not how that section reads. And basically, it simply says this right to sue or to institute a world contest passes to the heirs, or in this case, the heirs of June O'Connor. But the trial court disagreed and said no, because I'm the judge here, the trial court judge, and I haven't made this determination as to that's what June O'Connor wanted, and she happened to die before I could make that determination. That's the end of this case. Isn't the overriding issue really that June was declared disabled in August of 2010, and when the world contest is filed in November, it's filed naming her as an individual? Right. Well, it named her, you're absolutely right, Your Honor, it named her, and it named two of the O'Connor boys. And I think the issue that they're trying to make is it's jurisdictional. It had to be filed, they're saying it had to be filed by, I think it was Terrence O'Connor as guardian on behalf of June. So because of that, it was never filed. They're making it a jurisdictional issue, and I think the only case that they cite to the court is this, let's see, I think it was Schlinker, no, it's Kirkland v. Kirkland, Your Honor. If you look at that case, it tells you right up front, it says the appointment of a guardian ad litem is procedural, it is not jurisdictional. And basically what we did, what the court asked us to do was refile it and put a correct title on it, and that's what we did. And then we proceeded along, and ultimately June O'Connor died. She died, and then again the court said, well, there's no issue now as far as competence, but what we want you to do now is refile it again, June O'Connor is no longer in the case. It passed to her heirs, which are her sons and the Hicks children, if you would. And so we did. We filed it again on behalf of Terry and Dennis O'Connor and Lisa Hicks, and that's when it got dismissed. And strangely, defendants are saying, hey, it was two years, you only have six months to file it, and you filed this last one two years after the death. It's not that we're, you know, the statute talks about the reason for the six-month statute is to give timely notice. We gave timely notice. There's no doubt at all that there's going to be a will contest here. So to talk about twos, I think it was filed within 143 days of when Laverne's will was admitted to probing. It was very timely. So there shouldn't be any issue. You're saying that in an offhand manner, that it's very timely. The statute sets out a time period to file. Right. The statute says, right, 143 days is quite a bit less than six months. So it's very timely. And it's stamped. I mean, it was filed on time. And it's not a jurisdictional issue, according to the Stoecklin case I just cited. It's procedural. And all we did was correct it, if you would. And they're saying, oh, no, that's jurisdictional. And the correction was changing the designation of the party. Sure. That's it. You know, and that's what a court would do anyway. I mean, if you had an incompetent that the court realized, and let's say in a civil case they went off to have an adjudication on his competence, and it came back that he needed a guardian. Was she competent when it was filed the first time, in that 140 days? You know, I don't know the answer to that. I would say she was. But I can't, you know, who knows. Incidentally, we're talking about somebody who was 95 years old. We're also talking about her brother, I believe, who was 95 when he died. And then she died two years after that, and she was also 95 then. So we're talking about some people with a lot of age on them. I can't answer your question, sir. But I can say they had notice within six months, and that's the primary reason for the statute. So, and again, you look at, we mentioned a case of the stay of Levi Schlinker, where they talk about where a statute is clear and unambiguous, you cannot restrict or enlarge it. Well, what the probate judge did was restrict the filing. She said, hey, she had to be competent. And she, I guess she considers that a jurisdictional issue. It is not jurisdictional. And we gave a, we also cited the court, for example, to Rock Island Bank. You know, just if these legislators wanted to make it personal, to make that right personal, which is what the trial court is claiming, they know how to do that. They did that in the Rock Island Bank case, where the wife's right to renounce the will, that's purely personal. And they were able to do it just in that statute. They did not do it in the probate statute, where the will contest descends to the heirs. They didn't do it there. So, you know, they know how to do it. They omitted it. But we're talking about capacity to bring the suit initially, right? If there was a legal incapacity to bring the lawsuit, they weren't capable of bringing the lawsuit at that time, right? Legally? Basically, it didn't, what changed? I mean, when you say that, that's never, you're saying it's jurisdictional if you were to say that. They didn't have the capacity to bring it. I don't think there's a case that supports that at all. The cases all say, okay, we'll put this on hold for a minute, and we'll get a guardian and an ad litem appointed, and we'll go forward from there. But they don't make it jurisdictional. Well, I think there are cases that talk about lacking capacity means it was a nullity. The filing was a nullity as to that. Not, I looked at that issue, sir, and I didn't, again, the courts are always rather, the court, you know, they basically, especially a probate court is there to really protect disabled people, not to cancel out their rights or to take their rights away. And so that's why they basically kind of freeze it where it is and get an appointment of an administrator or a guardian ad litem to help the person. What you're saying is that all the filings and what went on subsequent to November 22, 2010, all of that was laid back to the original petition to contest the will. Yes. Basically, you had amended filings after that. Yes. That's all we did. We, they absolutely had the same notice they always had. They knew there was going to be a will contest, and all we did was amend it to have Terrence O'Connor as the guardian for the mother, and then it came forward, and the court even found, the court, if you go back, the court made a finding later on, on July 18, 2011, the court in the ruling, it says, Ellen has a right to contest the will, and she is an heiress of law. So, I mean, that finding was July 18, 2011. Would we, would we, okay, change the fact scenario. Sure. The will was amended to probate in July 2010. Right, yes. And had Ellen June O'Connor filed thereafter, before August 17, would there even be an issue at this point? No. If not, well, she did, she did file in her individual capacity. No, but she filed in her individual capacity after she was adjudicated a disabled adult. That's right. But my fact scenario said, if she filed before that determination, would we even be here? Oh, yeah, I see exactly what you, I don't think so, sir. Yes, I understand, there was no determination, she had any incompetence, and I think you're correct, I think the law is such that it doesn't come into play until the adjudication and thereafter. Right, and so if she passes before this is settled, so to speak, then wouldn't there just be a mere filing of substitution of parties of the two sons as heirs of June? Yes, and that's, that's correct, and that's what happened, the last filing we did, that's what happened, but Lisa Hicks was also, she came in also. Who could be a third substituted party. Right, and yes. So the real problem comes down to the original filing of not being named arguably as a disabled adult through a guardianship of Terrence, I guess. Right, I would say that's correct, sir. So that has taken us all down this road. That's right, well I don't think it has, but that's what they're claiming. It took the judge down this road. And the issue is, I think, is that procedural or is it jurisdictional? And I think we cited the case for the court that says it's jurisdictional. And that's all I have, unless there's a question. Thank you, Mr. Rich. Mr. Whitehats. Thank you, your honor, honorable justices, opposing counsel, may it please the court. For the record, my name is Michael Whitehats, I'm with the Tracy Johnson Law Firm. I represent the respondents in the appellees in this case. Thomas O'Connor, who is the executor of the will of Laverne Morgan and also a legatee under his will. And I also represent Stephen Brockman, who is the independent executor of the estate of his wife, Deborah Brockman, who died after the will was admitted to probate, who is also a legatee under the will of Laverne Morgan. This is an interesting case. Our contention is, and I got involved in the middle of it when Mr. Crocky had to recuse himself and I entered my appearance for the appellees. There had been some prior proceedings. The whole focus actually is on the first filed complaint. Normally it's called a petition in the probate court, but for some reason counsel called it a complaint. It's certainly without question that the petition he filed two years after the fact was filed beyond the six-month statute of limitations set forth in Section 8-1 of the Probate Act, 8-4. The question is what type of filing was made when he filed it in, I believe, October or November on behalf of Ellington O'Connor. The court ruled that Terrence O'Connor and Dennis O'Connor did not have standing because they were not heirs nor were they named in a prior will. So they had no standing under 8-1 to bring an action to contest the will. Ellen June O'Connor was the sole heir. Laverne Morgan was never married, had no children. The sole heir at law was Ellen June O'Connor. The will being admitted to probate on July 2, 2010, notice is sent out. A will contest is filed on November 22 and the parties are listed as Ellen June O'Connor, Dennis O'Connor, and Terrence O'Connor. Now, I've looked at that complaint probably 50 times since the trial court rulings and up until today. And I can find no indication that it's brought in the capacity, that Terrence O'Connor brought it in the capacity as guardian for his mother. It's not there. It's brought in her name individually along with Terrence and Dennis. A person who is fully adjudicated a disabled person has no capacity to sue or be sued. Under the Kirkland case that Mr. Rich cited, that case stands for the proposition that if a guardian is appointed, it's not a guardian ad litem, it's a guardian. That ward is divested of the capacity to sue or be sued. The action has to be brought by the duly appointed guardian. Now, the question is, what is the effect of this? Subsequent to my following of the brief... And she has been adjudicated, fully adjudicated, disabled. And there's been a guardian appointed. Can the court appoint a guardian ad litem? Not a guardian of the person or the stated person. In lieu of the guardian acting as her representative in that action? I believe it can. The court can. The court can appoint a guardian ad litem when it's in the best interest of the party. Could the court do that in this instance? Were you a plaintiff? I'm asking hypothetical. Our position is no. Because who is the plaintiff? The attorney who files should know his client. And he knows that this person is disabled. Why would you file it in your individual capacity? I'm not talking about the attorney filing it. I mean, June walks in and files it herself. She would have arguably could do, it's not prohibited by law from doing that. There might be a defense to it that she doesn't have the capacity to sue. But couldn't the court appoint a guardian ad litem? I would say no. Okay. Because at that point, there is a guardian who should be acting for her. Now, the other issue involved in this case is, and you'll see very extensive pleadings, and part of the problem in this case was numerous pleadings were misfiled when the guardianship, they should have been filed in the probate case and vice versa. And one of the issues was whether or not the guardian had to get prior permission of the guardianship court, the court having jurisdiction of the guardianship, to actually file an action, whether it would be in her best interest to file an action against her brother or contesting her brother's will. And that, you'll see a series of pleadings involving that, up to the point where Ellen June O'Connor died and that death was suggested of record by the respondents, my clients, to the guardianship court, which entered a case dismissing the petition for authority to file a will contest. So that issue was never heard, but the problem is, contrary to what Mr. Ridge said in his argument, I don't believe there's any pleading in there that was filed to contest the will in the name of Terrence O'Connor as guardian for his mother. There was an amended complaint filed just by Dennis O'Connor and Terrence O'Connor, but apparently that complaint was dismissed, I believe, on November 4th, where Mr. Ridge had filed a petition in the probate case for authority, for the guardian to obtain authority to bring the will contest itself. So there is no pleading on file, wherever, during the course of all of these proceedings, that named Terrence O'Connor as guardian of the estate or person of Ellen June O'Connor, his mother, who was a disabled person. And I think it's kind of analogous to some of the LMI cases, which hold that there are some cases out there that you have a personal injury action, and the plaintiff sues a defendant who, unknown to the plaintiff, is deceased. And time goes on, and then he discovers, after the statute of limitations has arisen, that the defendant is in fact deceased, and he moves to amend his complaint. And the Supreme Court in Vaughan versus Speaker, it's at 126 Illinois 2nd, 150, decided in 1988, said that the attempt to, the fact that he named a deceased person, held that the complaint he filed, the first complaint, was void ab initio, from the beginning. And his second amended complaint, which was filed, attempted to file after the statute had run, did not relate back to the first complaint, because he had sued a defendant who was in fact deceased, who was not living, who was not a legal entity. Now, you know, in this case, your argument is partly based on the fact that the first filing in her individual capacity was, you argue, was a nullity. You cite cases like the Alton case from the 1970s, and this isn't like the recent Supreme Court case dealing with divorce, where the question was, can somebody file later on, and whether they got permission to file later on. It's not like that 1940s case from the Supreme Court of Illinois that talks about, if you don't file within the time period, even though there was a guardian and so forth, it's too late to do it. Right. So your argument is that there's nothing to relate this back. If it's a nullity, you can't relate it back. That's correct. Is there, have you discovered any case law dealing with, does a nullity mean that nothing can relate back to that nullity? There are many times in many pleadings where courts relate back a later filing to the original filing, even though there was a misnomer. You've seen those kinds of cases. Yes, yes, Judge. So in those kinds of cases, courts have allowed some leeway. Well, look, it was filed within the time period. There might have been a misnomer, but it's okay. You're saying this is different because the fact that she filed and didn't have the proper person who was named to be her guardian or representative file it, that meant that that was nothing. That's correct. And if that's nothing, when they finally did it the right way, it was beyond the statute of limitations and they couldn't relate it back. Correct. That's what you're saying. That's what you're hanging your hat on, I take it. That's correct, Judge. So I guess it comes down to, is the nullity always a nullity or is that 1970s case? I know you cite a more recent case, but that's from a Confederate court in Virginia, I think, or a sister state. I did cite the Carvin case, which is the recent case that you referred to, Your Honor, about the marriage situation. There was always a guardian who did not have the power to initiate a dissolution of marriage action under the Probate Act. And that's a recent case from the Supreme Court. You cited a Virginia case dealing with nullity, if I remember correctly, from more recently. Right. The Carvin case overruled the Drews case, which formally prohibited a guardian from initiating a dissolution of marriage action. I think the Supreme Court remanded the Carvin case. It was to determine the best interest of the woman, correct? Right, exactly. And whether it was in the best interest. Which is what happened here, in part, if she had not died, my argument would be, even if there were a best interest hearing held, and it was found to be in the best interest of Ellen G. O'Connor, the ward, to file a will contest against her brother or her brother's estate, that still, it would have brought up the defense of, you know, it's still too late. You're two years, three years after the fact. It doesn't relate back to the original pleading. I mean, it seems, you know, the primary Illinois case law you cite is from the 70s, a 1970 something appellate court case, a 1940 something Supreme Court case, and it surrounds this issue about what's the impact, what does nullity mean, what's the impact of nullity? Is there any possible ever a relation back to something that was a nullity? Does nullity mean it's nothing, or does it mean that it's nothing for some purposes, but something for something else? Nullity means it's nothing. It doesn't call the statute of limitations. And have you found anything in Illinois since the 1970s? No, I haven't. Well, like I said. That's more closer to what this nullity question is about. The Vaughn case does talk about, the Vaughn v. Speaker case does talk about nullity and relation back. It does say that, I can't put my finger on the exact language, Your Honor. In essence, what does it say? Well, in essence, that was the personal injury case where the person, the plaintiff sued a dead person. He wasn't aware that the person was dead. And when he, after the statute of limitations had expired, he found out he did in fact die. He amended his complaint to sue the executor or administrator of his estate. And the court in Vaughn, the Supreme Court, held that it did not relate back to the first complaint. He was out of luck because he filed it after the two-year statute of limitations. But did it address, did it say that first complaint was a nullity? I think that's Justice Carter's question. It said the appellate court, it says the appellate court found that the initial action filed against the student was a nullity. It could not be amended. Now they were citing the appellate court. Yes. It said that action was a nullity. Okay, so the appellate court, which this opinion was reviewed by the Supreme Court. And affirmed. And affirmed. Right. So one could infer that they accepted that proposition. That's right. That law. Arguably, it's still a valid proposition of law unless it had been rejected by the Supreme Court. No, in fact, it's been affirmed. There was a subsequent case which cited Vaughn, Green v. Hellis, which is found at 252 Hill Ave. 3rd, 957 out of the 1st District. Which is similar facts. No, I'm just talking about if they did not address that nullity, finding that the finding of nullity was made by the appellate court and the Supreme Court affirmed. One could say that as a proposition of law, it's a proposition of good law. That's correct. Right, that's correct. I have a question regarding Mr. Ridge's contention about the court's duty to appoint a guardian ad litem or an attorney for June. Let's consider for a moment that perhaps, let's say her sons didn't want her to file a will contest. And they have her determined to be disabled, but she comes in and she files the petition and the same battle ensues. At that point, if she says, you know, I want to contest this will, and she's filed within the deadline, and the court has to go through the process of determining whether or not she can bring it in her own capacity, whether the guardianship that has been established on her behalf precludes her from doing so. And that takes a series of months and years that takes to be on a statutory period. I know what you're saying is that if it isn't sorted out in the amount of time within six months, then any right that she has, even if she's determined, they say, well, no, you are disabled, but I'm going to appoint a guardian for you to get this filed right, even though it's not what your son wants. Or whoever your guardian is in your probating action, you're saying that she would not retain the right to do that. But that's why the court always has the best interest hearing. It needs to hold a best interest hearing to see if that proposed action to get authority to bring that will contest action is in the best interest of the ward. You have to have the best interest hearing. Right. And you have to have that within the six months in order to get it. What if she didn't come in until... But she's been adjudicated incompetent. She has no capacity to sue or be sued. But I'm saying if she was in a situation where she was able to come in and say, I don't care what has happened. I'm able to come in. I know what's going on. You know, I know my brother's died. I know that this case is going on. I know whatever, if I've been left out or I'm not getting what I think is my fair share. And she says, and I want to pardon it, everyone says, she's a disabled adult. And she says, well, wait, no, I want to go forward with this. You're saying that if that hearing couldn't happen in the next 24 hours, her right would be extinguished. If she feels she's competent, there are provisions in the guardianship section of the Probate Act that she can take in order to modify the guardianship. And if she doesn't do that, but what you're saying is that if she came in within the six-month period, maybe the last day of the six-month period, everything with that notification, everything with the filing of that petition is procedurally appropriate, other than the fact that somebody's saying, you can't do this. You're a disabled adult. Right. And you're saying that if she couldn't establish that she was not disabled or have somebody, you know, under one of the provisions in the Probate Act, come in within that, whatever time remained, that any right that she had would extinguish. I'm saying she has, there are procedures in the Probate Act to modify the guardianship order. There was a plenary guardianship order. She was found totally disabled and without, you know, without ability to handle her financial or personal affairs or her health care matters. That's what the court order entered. It was a plenary guardian appointed. So she was found to be totally without capability. Now, if she is now saying, she comes into court and says, well, you know, I may only be partially disabled. There are provisions that she can serve. Oh, I understand that. But I'm saying she comes into the probate action within the six-month time and says that, and everybody starts battling about it. But she staked her right to say, I'm going to contest this will. But you're saying, well, because you didn't do this right or that right somewhere else, we can't relate that back until we get it sorted out, whether you are the right entity as an individual or whether you have to have a guardian, whether it's in your best interest to do that. And if that isn't done within the six months, you can't relate it, even though you've come in in a timely fashion and said, I'm going to find you who will contest. But again, she has no capacity to sue because she's been already adjudicated. Now, following up on that, Terrence O'Connor, I believe, was appointed her guardian, am I correct? That's correct. Okay. This best interest hearing under guardianship, does he have to go to that hearing before he can file on her behalf if he did as guardian?  Throughout the whole proceedings, that he has to get authority through the guardianship court to even file on her behalf. And that proposition is based on the recent Supreme Court case? That and the wording of the statute has been for a while. I think Justice O'Brien's question and mine following along with that earlier was, is there any tolling action on that six months if indeed there is a proceeding to do that? No. That best interest hearing has to occur. Has to occur and be completed? Be completed, yes. And a finding by the guardianship court? Giving authority to the guardian to in fact file the will contest. Now, it's six months. At one point in history it was three years to contest the will. It's been steadily dropping. Two years, one year, nine months, now six months. And again the policy is to expedite the administration of estates and property interests. So we know we're not standing before a public court four years later trying to determine if we have a valid will or not. That's the policy of the legislature in the six month limitation. Otherwise they could say five years, ten years, or no period to contest the will if the legislature is so determined. So as a public policy matter, we believe that the trial court was correct in dismissing the petition which was filed two years after the bar date. And it did not relate back to the original complaint. The petition being the O'Connor brothers and Lisa Hicks as heirs of June. As heirs of June, right. There's no question that the right, if a person, if June would have died in the middle of the six month period, there's no question her right to contest would have descended to her heirs or personal representatives. As a property interest. Right. But they still, the heirs would have to still file within the six months from the date the will was admitted to probate in order to contest the will. And it may be only one day or it may be five and a half months they would have. But still you measure that six month period is not extended if a person dies in the middle of the, between the period, the epical period. Now the legislature certainly could cure that by adding that exception, giving the litigants additional time, but it's not in that statute. But if they, if she died, filed properly, arguably, and passed on the seventh or eighth month after the will had been admitted to probate, there could be a substitution by the O'Connor brothers. Exactly. Because the 2-1008 applies to pending actions, actions that are, where a party dies during the course of the action. So they have a right to substitute. Now one of the three individuals who filed within the time period, one is the disabled adult, which you argue was a novelty. Right. One was a person who actually was appointed the representative. Right. Is, did you see any law that would say that really was a misnomer if the person was also the representative of the person and you could amend the complaint to show the representative capacity? No. Again, an attorney should know who, the plaintiff should know who they are, in what capacity they are presently acting in. And it's very simple, but unfortunately it's not indicated there. And that language, is that from the Alton case? Yes. The lawyer should know who's who. Yes. From the case from the Simpkins. It's still cited in Professor Gomberg's civil procedure before and after trial in Illinois. Because there's nothing else like that. I couldn't find anything. Your Honor, frankly. Are there any other questions? Overtime. Overtime, okay. Mr. Witek, thank you very much. Thank you. Mr. Rich, any reply? Your Honor, I keep hearing this lament that my clients, they didn't file within two years and they only had six months. Your Honor, if you can go back and look in the common law record at pages 125. It starts at page 120 to 125 and you're going to find something strange. It's the, they amended their filing for Mr. Laverne Morgan's estate. It's a second amended petition to probate the will, which is at page 122 in the common law record. And they did that because they discovered back in October 5 of 2012 that they never gave notice to the Hicks children. And so they settled that by having a, I guess a private hearing with the court where they presented it with this waiver of notice. It occurs on page 125 of the common law record where the Hicks children waived notice and we know they did that because Dennis O'Connor is the guy who signs all of this. And this is, this is just, this is bad. It is not true. It's never mentioned and I mention it now because I keep hearing somebody tell me about two year statute of limitations. They to this day have not given the Hicks children notice. So we may be back visiting that with these individuals. But getting to the issues that were raised. What individuals are you talking about, the Hicks children? No, the executor for the estate of Laverne Martin. The Hicks have never gotten notice today. And the six month statute I believe runs from when the petition is filed and they give out notice to the heirs or beneficiaries if you would. The Hicks children are the children of one of Juno, the daughter of Juno O'Connor, her daughter. But the issues, the other issues that were raised here, I guess I'm being told that, I can understand a dead person's filing is a nullity. But he's telling us now that a dead person is the same as a disabled person. And I find that, I don't think he's going to find, I don't think there's any law that goes into that. I don't think that's the reason for saying this is a nullity. I think that argument is not good. Well there's the Alton case that says that, isn't there? There is, well I commented on the Alton case and I found that how he says it is simply not really the law. But that's for you to look at. And the Bassford case says that from the Supreme Court. I don't recall that right now. That's from the 40s. Yeah. And you know, Judge, he says now, yeah, we need that best interest hearing within six months. But what he's really trying to do is he wants to shorten the six month period. For example, let's say Laverne dies and his sister has already been adjudicated incompetent. And she dies a week later. Well that's it. There was only a week there. It's all over. We can never have a hearing. What I'm saying is there's all kinds of reasons not to consider what he's saying. The court should have gone ahead and basically it did. It allowed Dennis to file as her guardian and proceed it that way. I mean, this other way that he's talking about, you could have one day or six months. Is that really what we want now? And, you know... Are we stuck with what the legislature says we get? Well, you can't redo the law. And that's what he's trying to do. He is trying to shorten the period for something that's not in the law. He's saying that law is only for competent heirs. Incompetent heirs it excludes. And that's not true. I don't think it says that. The reason I mentioned the 1940 cases, that was the case which said that the representative couldn't go beyond the time period to file something because it was too late even though there was a representative capacity in that case. I'm sorry, sir. I wish I could comment on that case with you, but I can't. But I do know one. A hundred years, if you go back a hundred years, there's a case out there that says it was personal. The right was personal. They took that out of the legislation. So, I mean, they were moving in a direction I'm saying it should be in and should stay in. Is the order adjudicating Ellen, June, O'Connor, a disabled adult, is that of record in this case? I can't really say that's true. I had asked that when that came up, when that issue came up, I had asked the court to consolidate the two cases. You know, why do we have two P numbers, if you would, because it created a whole bunch of confusion. And I don't recall, I don't think we ever really got to that. Your Honor, it is attached as an exhibit to one of my motions in the record. Okay. So that's, yeah, that's all I have except that it bothers me. I don't think the legislature wants to go as far as to say a disabled person is the same as a dead person. I don't think that's good law, especially when you apply it this way. Thank you. Thank you, Mr. Reed. Thank you both for your arguments here today. This matter will be taken under advisement. And a written decision will be issued to you as soon as possible. Right now we'll take a short recess for a panel change.